**McLEAN COUNTY, Kentucky, Movant,**

v.

**MEUTH CARPET SUPPLY et al., Respondents.**

Supreme Court of Kentucky.

Oct. 31, 1978.

W. E. Quisenberry, Quisenberry & Quisenberry, Calhoun, for movant.

Gross C. Lindsey, Henderson, Tommy Chandler, Providence, Ronald G. Sheffer, Henderson, John O. Hicks, III, Calhoun, Gary M. Gibbs, William I. Markwell, Henderson, Nathan B. Cooper, Owensboro, for respondents.

LUKOWSKY, Justice.

This is a discretionary review of a decision of the Court of Appeals which reversed a summary judgment of the McLean Circuit Court which dismissed the mechanics lien claims of Meuth, et al., against McLean County. We reverse the Court of Appeals and affirm the trial court.

In 1973, McLean County, after advertising for bids, contracted with the Phoenix Construction Company to construct a records vault addition to the county clerk's office for $18,961.00. A performance bond was required for this work and was furnished by the contractor. Thereafter, by executing "change orders" the scope of the work to be performed by the contractor was expanded to include among other things renovation of the circuit courtroom with a total contract price of $146,333.00. No fur-

ther performance bond was required of the contractor to cover this addition work. During the course of its work, the contractor employed as subcontractors, Meuth, et al., who variously furnished labor and materials for the project.

Sometime in June or July of 1974 the contractor abandoned the project without completing either its work or payment to the subcontractors. At that time the county held $22,402.45 of the total contract price. This amount represented a ten per cent retainage on payments already made to the contractor and the balance was to pay for work not yet performed. The last payment due the contractor had been made the previous March. Between April 17 and July 13, 1974, each of the subcontractors filed statements of lien for their labor and materials with the county clerk as provided by KRS 376.210. In October, 1974, the county contracted with another contractor to finish the project and it used the funds it held to pay for this work.

The subcontractors contend that this money should have been used to pay their claims. The trial court rejected this contention on the basis that there were no funds due the contractor from McLean County on or after the dates the liens were asserted, and, consequently, there was nothing to which the statutory liens could attach. The Court of Appeals reversed on the basis of an equitable gloss formerly applied to make useful the vermiform appendix provided by a broader, less precise predecessor of KRS 376.210. *City of Ashland v. Ben Williamson & Co.*, 294 Ky. 446, 171 S.W.2d 968 (1943); *Allen County v. United States Fidelity and Guaranty Co.*, 122 Ky. 825, 93 S.W. 44 (1906). Under the old statute the lien attached to the public property improved, but the law also prohibited the sale of public property to satisfy mechanics liens. The Court was forced to either supply some method of satisfaction or declare the statute to be a legislative congenital nullity, because no effective source of satisfaction was provided in any case.

KRS 376.210 provides an integrated system by which those who furnish labor, ma-terial or supplies on public improvements may obtain a degree of security for and a source of satisfaction of their claims. Subsection (1) provides, "If the property improved is owned . . . by any county . . . the person furnishing the labor, materials or supplies shall have a lien on the funds due the contractor from the owner . . . ." Subsection (2) provides that a supplier may acquire the lien as soon as he has undertaken to furnish labor, materials or supplies by filing in the county clerk's office a statement of expectation of performance, and that the lien is effective from the date of filing. Subsection (3) provides, ". . . the lien shall attach only to any unpaid balance due the contractor for the improvement from the time a copy of the statement . . . is delivered to the owner."

The language of the statute makes it plain to us that the lien attaches only to funds actually earned by the contractor. Otherwise, they would never be "unpaid" and "due" to him. It is abundantly clear that the lien does not attach to funds that are unearned because they are neither "unpaid" nor "due". The amount of protection offered by this scheme to a supplier is primarily limited only by the diligence of the supplier in filing and delivering his statement of lien. The scheme of protection provided by the legislature has utility within its specific limitations, and consequently, will not permit expansion by construction.

In this case the contractor was paid for all work it performed at least several weeks before any statements of lien were filed and delivered. At the time of filing and delivery there simply was nothing to which liens could attach. The $22,402.45 was unearned and never due and payable to the contractor. Had the statements been filed and delivered as soon as the subcontractors agreed to participate in the project they would have attached their liens to all funds thereafter due and unpaid the contractor. As it is, they delayed and lost the really substantial protection provided by the statute. They snoozed so they lose.

The decision of the Court of Appeals is reversed and the judgment of the McLean Circuit Court is affirmed.

All concur except CLAYTON, J., who did not sit and JONES, J., who dissents.

JONES, Justice, dissenting.

In my view the subcontractors' claims that the $22,402.45 not expended under McLean County's contract with Phoenix is subject to their "liens for labor, materials or supplies furnished on public improvement." The subcontractors furnished the labor and supplies in good faith. They had the assurance of the county judge and the architect that their claims would be paid.

I am of the view the opinion of the Court of Appeals correctly limits recovery by the subcontractors to funds held by McLean County under its contract with Phoenix. I am of the opinion the Court of Appeals was also correct in its conclusion that "liens on funds due the contractor" (Phoenix) was placed in KRS 376.210 so that the asserted liens of the subcontractors would reach funds *due* the contractor and not the property involved.

Here, the subcontractors lose while McLean County is unjustly enriched. The county neglected to require a sufficient performance bond from Phoenix which would have protected the subcontractors. Under the facts in this case I cannot subscribe to the doctrine espoused by the majority that, "They [subcontractors] snoozed so they lose." McLean County should be required to pay the subcontractors in full. When their labor, materials and supplies were furnished they ought to have been promptly paid.

I would affirm the judgment of the Court of Appeals and let the subcontractors who furnished carpet, doors, labor and other supplies be paid.

It is a heartrending delusion and a cruel snare for the subcontractors not to be paid after the materials were furnished and their work finished.

For the reasons set out above, and with a clear conscience, I respectfully dissent.